EVELYN B. HOSKINS and another, *vs.* JOB BRAWN.

Penobscot.    Opinion March 4, 1884.

*Deed.    Boom.*

Where one, owning the right of fastening a boom to the shore of an adjoining owner and exercising that right in connection with his booms along his own shore, conveys his land " together with all the booms and piers thereon, and privileges thereto appertaining as heretofore used by me," the right of fastening the boom as enjoyed by the grantor passes to the grantee.

ON EXCEPTIONS.

Trespass.    The writ was ·dated December 23, 1879.    The plea was the general issue with brief statement.

The facts are stated in opinion.

*Peregrine White,* for the plaintiff, cited : *Hammond* v. *Woodman,* 41 Maine, 177 ; Angell, Watercourses, § § 165, 166 ; *Johnson* v. *Jordan,* 2 Met. 238 ; Washburn, Eas. and Serv. c. 1, § § 6, 12, 13, c. 11 § 5 ; *Warren* v. *Blake,* 54 Maine, 276 ; *White* v. *Bradley,* 66 Maine, 263 ; *Gayetty* v. *Bethune,* 14 Mass. 49 ; *Grant* v. *Chase,* 17 Mass. 443.

*Davis and Bailey,* for the defendant, cited : *Kent* v. *Waite,* 10 Pick. 141 ; *Lapish* v. *Bangor Bank,* 8 Maine, 90 ; *Salisbury* v. *Andrews,* 19 Pick. 253 ; *Atkins* v. *Bordman,* 2 Met. 464 ; *Harding* v. *Wilson,* 2 B. & C. 39 ; *Bodenham* v. *Pritchard,* 1 B. & C. 95 ; *Barlow* v. *Rhodes,* 1 C. & M. 444 ; *Kooystra* v. *Lucas* v. 5 B. & A. 274 ; *Whalley* v. *Thompson,* 1 B. & P. 376 ; *Grymes* v. *Peacock,* 1 Bulstrode, 17 ; *Bradshaw* v. *Erye,* Cro. Eliz. 570 ; *James* v. *Plant,* 4 Ad. & E. 170 ; *Wardle* v. *Brockhurst,* 1 E. & E. 1059 ; *Pollen* v. *Bastard,* L. R. 12, B. 161 ; *Hall* v. *Lund,* 1 H. & C. 684 ; *Evarts* v. *Cochrane,* 4 Macq. Sc. App. 117 ; *Philbrick* v. *Ewing,* 97 Mass. 134 ; *Tourtellote* v. *Phelps,* 4 Gray, 378 ; *Cocheco M'f'g. Co.* v. *Whittier,* 10 N. H. 305 ; *Pinnington* v. *Galland,* 9 Exch. 1.

WALTON, J. The case is this: In 1846, Ira Wadleigh, being then the owner of lots 19 and 20, on the westerly side of the Penobscot river in Oldtown, with booms and piers thereon, purchased of Samuel Pratt the right of booming and fastening logs on so much of the shore of lot 21 as lay below the point of a ledge, known as Steam Mill Point, with the right of passing and repassing to fasten and move logs along the shore. From that time forward, and until 1861, he fastened the upper end of his boom to a ring-bolt on the point of the ledge mentioned, and used this extension of his boom (as the witnesses testify) mainly as a protection to his booms on lots 19 and 20. When taking in logs he would remove this upper joint of his boom; and when not taking in logs, he would restore it, so as to prevent logs which were being run down the river from entering his booms and mingling with his logs; and the evidence tends to show that this was a great convenience and of great value to the booms on lots 19 and 20. Being thus the owner of this right, and so using it, he, in 1861, mortgaged lots 19 and 20 to George P. Sewall, adding these words, "together with all the booms and piers thereon, and privileges thereto appertaining *as heretofore used by me.*"

The defendant contends that inasmuch as Wadleigh owned the right to extend his boom and fasten it to the shore of lot 21, and had used this right in connection with and mainly as a protection to the booms on lots 19 and 20, and such a use of it being extremely convenient and valuable to those lots, he had annexed the right to them, or to his booms thereon, so that when he mortgaged these lots to Sewall, "together with all the booms and piers thereon, and privileges thereto appertaining," and especially with the words added, "*as heretofore used by me,*" the right passed to the mortgagee as one of the privileges or appurtenances of the estate conveyed. But at the trial at *nisi prius* the presiding justice ruled otherwise, and instructed the jury that the "privileges thereto belonging" were such only as lay opposite the shore of lots 19 and 20, and gave no rights on lot 21.

The question is whether this instruction to the jury can be sustained. We think it can not. We perceive no reason for

holding as a matter of law that the privileges or appurtenances conveyed by the deed to Sewall were such only as lay opposite the shore of lots 19 and 20. The right to hitch the upper end of his boom to the shore of lot 21 was an easement; and if this easement was beneficial to and used in connection with the booms on 19 and 20, what legal bar is there in the way of regarding it as one of the privileges or appurtenances of those booms? It is undoubtedly true that an easement on land other than that which is conveyed is not to be created by implication unless the easement is necessary to the beneficial use and enjoyment of that which is conveyed. But the authorities go far to show that easements already created, and in actual use at the time of a conveyance, will often pass, although convenient only, and not absolutely necessary. And we think there can be no doubt that such will be the result if to the clause granting the privileges and appurtenances, the grantor adds the further words, "as now or heretofore used by me," or words of equivalent import. When such words are added the inquiry is not as to what was necessary, but what was in use at the time; and it is to the use and not to the necessity that the evidence should be directed. We think the authorities cited by the defendant's counsel fully sustained these propositions. And see *Baker* v. *Bessey*, 73 Maine, 472, and cases there cited.

We think the jury should have been instructed substantially as requested by the defendant's counsel,—namely, that if Wadleigh owned the right of fastening his boom to the shore of lot 21, and had exercised that right in connection with his booms on lots 19 and 20, and mainly as a protection to them, such right did pass by his conveyance to Sewall, as one of the privileges or appurtenances mentioned in the deed.

*Exceptions sustained.*
*New trial granted.*

PETERS, C. J., BARROWS, DANFORTH and LIBBEY, JJ., concurred.